IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER LEYJA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-12-970-W |
| v. | ) | |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Rape in the First Degree, Burglary in the First Degree, and Forcible Oral Sodomy, all after two or more prior felony convictions, entered in the District Court of Oklahoma County, Case No. CF-2004-7021. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be summarily dismissed for lack of jurisdiction.

As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, 28 U.S.C. § 2244 was amended to provide that:

> [b]efore a second or successive application permitted by this
> section is filed in the district court, the applicant shall move in

1

> the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). This "screening" mechanism applies to the Petition now before the Court. See Felker v. Turpin, 518 U.S. 651, 664 (1996)(upholding constitutionality of §2244(b)(3)(A)); Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996)(habeas petition filed after effective date of AEDPA must comply with its relevant provisions).

In April 2006, Petitioner was convicted of three charges: Rape in the First Degree, Burglary in the First Degree, and Forcible Oral Sodomy, and sentenced to serve consecutive 40-year, 20-year, and 20-year terms of imprisonment for these convictions, respectively. In his direct appeal, Petitioner asserted, *inter alia*, that the trial court committed reversible error and violated Petitioner's constitutional right to confront witnesses by allowing the State's sexual abuse expert to testify concerning a report that she did not prepare. Petitioner's Brief in Support (Doc. # 3), Ex. A, summary opinion, Christopher Leyja v. State of Oklahoma, Case No. F-2006-409 (Okla. Crim. App. Oct. 17, 2007). Citing two provisions of the Oklahoma Evidence Code, the Oklahoma Court of Criminal Appeals ("OCCA") held with respect to this claim that the "confrontation clause was not violated when the trial court admitted expert opinion testimony, where the expert testified as to her conclusions based on a report prepared by another, and a portion of that report was properly admitted as a business record." Id. Petitioner did not seek certiorari review of this decision. Petitioner reasserted the same confrontation-based issue in his first and second state post-conviction applications, and the applications were denied on *res judicata* grounds. Petitioner's Brief in Support (Doc.

# 3), Exs. 2, 3, 5, 6.

In March 2009, Petitioner filed a 28 U.S.C. § 2254 habeas action in this Court challenging the convictions and sentences entered against him in Oklahoma County District Court, Case No. CF-2004-7021. <u>Christopher Leyja v. State of Oklahoma</u>, Case No. CIV-09-265-W.  In that habeas proceeding, Petitioner asserted claims of (1) insufficient evidence of guilt; (2) actual innocence; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; and (5) erroneous admission of expert testimony.  The Court denied the petition on its merits.  In Petitioner's appeal of the decision, the Tenth Circuit Court of Appeals affirmed this Court's decision and denied a certificate of appealability. <u>Christopher Leyja v. David Parker</u>, Nos. 10-6121 and 10-6140 (10th Cir. Nov. 10, 2010)(unpublished order).

Petitioner now seeks to again challenge the convictions and sentences entered in Case No. CF-2004-7021, and the instant Petition is therefore successive to the previous habeas petition which was denied on its merits.  This Court has no authority to consider this successive Petition in the absence of authorization from the United States Court of Appeals for the Tenth Circuit to proceed.  See <u>In re Cline</u>, 531 F.3d 1249, 1251 (10th Cir. 2008)(*per curiam*)("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until this court has granted the required authorization.").  Petitioner has failed to provide the requisite authorization from the appellate court.

Pursuant to 28 U.S.C. § 1631, a district court may transfer an unauthorized successive

habeas petition to the appellate court if it is in the interest of justice to do so, and "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1251. If it is not in the interest of justice to transfer the petition, the district court may dismiss the petition for lack of jurisdiction. Id.

It is not in the interest of justice to transfer a matter if the claim(s) presented in the successive petition lack merit. See Cheeks v. Zupan, 2012 WL 2866596, * 2 (10th Cir. July 13, 2012)(unpublished order)("The interest of justice is not served by transferring a meritless claim."). In his Petition, Petitioner asserts a single claim that his confrontational rights were violated at his trial by the admission into evidence of a medical report without providing him the opportunity to cross-examine the author of the report. Petitioner's claim does not involve newly discovered evidence, as the same claim was presented in his direct appeal. Petitioner does not rely on a previously unavailable, new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Petitioner relies on the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), which was decided before his convictions, and therefore Crawford does not constitute a previously unavailable Supreme Court decision. Petitioner also relies on Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), and Bullcoming v. New Mexico, __ U.S. __, 131 S.Ct. 2705 (2011), and neither of these decisions were issued while his case was pending before the OCCA on collateral

review.

Moreover, for purposes of federal habeas review of the merits of a state court decision, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits" and therefore section 2254(d) "requires federal courts to focu[s] on what a state court knew and did," and to measure state-court decisions against th[e Supreme] Court's precedents *as of the time the state court renders its decision*." Greene v. Fisher, __ U.S.__, 132 S.Ct. 38, 44 (2011)(internal quotations and citations omitted)(emphasis in original). Although in Greene the Supreme Court left open the question of "[w]hether § 2254(d) would bar a federal habeas petitioner from relying on a decision that came after the last state-court adjudication on the merits, but fell within one of the exceptions recognized in Teague [v. Lane], 489 U.S., at 311," Petitioner has not asserted that either Melendez-Diaz or Bullcoming fall within one of the exceptions recognized in Teague, 489 U.S. at 311 ("[A] new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law" or constitutes a "watershed rule[ ] of criminal procedure.")(internal quotations omitted).

Nor does any error in the admission of the medical report into evidence provide "facts [that] would be sufficient to establish by and clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense[s]." 28 U.S.C. § 2244(b)(2). Petitioner asserts now that he did not have the prior opportunity to cross-examine the nurse who examined the victim after the offenses and who prepared the medical report introduced at his trial, that this report stated the findings

of the nurse's personal examination of the victim and interview with the victim, and that the nurse was unavailable for testimony because she was out of the country.  However, this Court and the Tenth Circuit Court of Appeals concluded in the first habeas proceeding that sufficient evidence was presented at Petitioner's trial that a rational trier of fact could have found Petitioner guilty of the rape offense, the only offense to which the medical report related.  Thus, Petitioner cannot make the prima facie showing necessary for filing a second or successive § 2254 petition.

Additionally, it is not in the interest of justice to transfer the Petition to the Tenth Circuit Court of Appeals because the § 2254 Petition is not timely filed under 28 U.S.C. §2244(d)(1).  The AEDPA imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. § 2244(d)(1).  As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336  (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2).

Because Petitioner did not seek certiorari review in the Supreme Court after the OCCA affirmed his convictions and sentences, his convictions became "final" for purposes of § 2244(d)(1) 90 days after the OCCA's decision. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001); Sup.Ct. R. 13.1.   The OCCA issued its decision on Wednesday, October 17, 2007, and Petitioner's convictions became "final" 90 days later, on Tuesday, January 15, 2008.  The § 2244(d)(1) limitation period began to run the following day on January 16, 2008.

The limitation period continued running until it was tolled under § 2244(d)(2) on Monday, September 8, 2008, when Petitioner filed his first state post-conviction application. At that time, 236 days of the one-year limitation period had run.  Petitioner's post-conviction application was denied by the district court on October 21, 2008, and the OCCA affirmed the district court's decision on February 3, 2009.  Thus, the § 2244(d)(1) limitation period began to run again on February 4, 2009, and the one-year limitation period expired on Saturday, June 13, 2009 (129 days later), although the limitation period was continued until the next business day, or Monday, June 15, 2009.[1]  Petitioner has provided no basis for applying the doctrine of equitable tolling to the limitation period. See Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (2010)(§ 2244(d) limitation period is not jurisdictional and may be tolled for equitable reasons if the petitioner shows that he has been diligently pursuing his federal claims and that some extraordinary circumstance stood in his way and prevented timely

---

[1] Petitioner's second state post-conviction application was filed long after the limitation period expired, and it therefore does not further toll the limitation period.

filing). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.)(one-year limitation period may be subjected to equitable tolling in limited circumstances such as incompetence or actual innocence), cert. denied, 525 U.S. 891 (1998). Thus, review of the Petition is barred by 28 U.S.C. § 2244(d).

When a petitioner has filed a second or successive petition without the required authorization, the court has two options: it may dismiss the petition for lack of jurisdiction or transfer it to the court of appeals if it is in the interest of justice. In re Cline, 531 F.3d at 1252-1253. In this case, the Court should dismiss the Petition for lack of jurisdiction as it is not in the interest of justice to transfer it to the Tenth Circuit Court of Appeals.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  September 30th , 2012, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

  ENTERED this  10th  day of  September , 2012.

                 GARY M. PURCELL
                 UNITED STATES MAGISTRATE JUDGE