IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

OCT - 4 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| CHRISTOPHER LEYJA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-12-970-W |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On September 10, 2012, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Christopher Leyja be dismissed for lack of jurisdiction. Leyja was advised of his right to object, see Doc. 10 at 8, and the matter now comes before the Court on Leyja's Objection to Report and Recommendation. See Doc. 11. Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of Leyja's Petition.

Leyja, appearing pro se, first sought relief under section 2254 in this judicial district in March 2009, Leyja v. State, Case No. CIV-09-265-W, by challenging his state court convictions and sentences. State v. Leyja, Case No. CF-2004-7021. Leyja had been convicted in April 2006 in the District Court for Oklahoma County, Oklahoma, of rape in the first degree (Count I), burglary in the first degree (Count II) and forcible oral sodomy (Count III), all after conviction of two or more felonies. He had been sentenced in accordance with the jury's recommendation to terms of forty (40) years of imprisonment on Count I and

twenty (20) years of imprisonment on both Counts II and III, said terms to be served consecutively.[1]

Leyja had contended in his initial habeas action that his trial and appellate counsel were ineffective and that certain testimony had been erroneously admitted. Leyja had also contended that he was entitled to habeas relief based upon his arguments of actual innocence and because there was insufficient evidence of his guilt.

This Court denied Leyja's claims for relief on their merits, and the United States Court of Appeals for the Tenth Circuit affirmed and declined to issue a certificate of appealability. Leyja v. Parker, 404 Fed. Appx. 291 (10th Cir. December 9, 2010).

Because Leyja has again challenged his state court convictions and sentences in the instant Petition, see Doc. 1 at 6, the Petition is deemed second or successive, and this Court lacks jurisdiction to consider its merits in the absence of authorization from the circuit court. E.g., In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)(per curiam)(district court without jurisdiction to address merits of second or successive section 2254 claim until appellate court has granted required authorization).

Pursuant to title 28, section 1631 of the United States Code, the Court may transfer an unauthorized second or successive habeas petition to the appellate court if "it is in the interest of justice," 28 U.S.C. § 1631, to do so.

> Factors [to be] considered [by the Court] in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed

---

[1] Leyja appealed, and the Oklahoma Court of Criminal Appeals affirmed his convictions and sentences in a summary opinion. Leyja v. State, No. F-2006-409 (Okla. Crim. October 17, 2007). Leyja thereafter unsuccessfully sought state post-conviction relief. Leyja v. State, No. PC-2008-1053 (Okla. Crim. February 3, 2009). See also Leyja v. State, No. PC-2012-350 (Okla. Crim. June 19, 2012).

2

anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

531 F.3d at 1251 (citing <u>Trujillo v. Williams</u>, 465 F.2d 1210, 1222-23 (10th Cir. 2006)). If it is not in the interest of justice to transfer the petition, the Court may dismiss a second or successive petition for lack of jurisdiction. <u>E.g.</u>, <u>id</u>.

Applying the foregoing factors to this case and for the reasons stated by Magistrate Judge Purcell, including his findings regarding the merits of Ground One in, and the timeliness of, the instant Petition, the Court finds in its discretion that it is not in the interest of justice to transfer Leyja's Petition to the appellate court. The Court must therefore dismiss the Petition for lack of jurisdiction. Should Leyja obtain the necessary authorization from the Tenth Circuit, he may refile his claim.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 10] issued on September 10, 2012; and

(2) DISMISSES Leyja's Petition [Doc. 1] for lack of jurisdiction.

ENTERED this 4th day of October, 2012.

                                                */s/ Lee R. West*
                                                LEE R. WEST
                                                UNITED STATES DISTRICT JUDGE